## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CHRISTOPHER LEE LAVEZZO,**

    Plaintiff,

    **v.**                        **Civil Action No. 2:26-cv-02982-JHS**

**EQUIFAX INFORMATION
SERVICES, LLC,
TRANS UNION, LLC,
EXPERIAN INFORMATION SOLUTIONS,
INC.,
and I.C. SYSTEM, INC.,**

    Defendants.

_____/

## DEFENDANT I.C. SYSTEM, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant I.C. System, Inc. ("ICS"), by and through its undersigned counsel, answers the Complaint of Plaintiff Christopher Lee Lavezzo ("Plaintiff") as follows. Any allegation not expressly admitted is denied. To the extent the Complaint contains legal conclusions to which no response is required, ICS denies any characterization inconsistent with applicable law. To the extent the Complaint is directed to any defendant other than ICS, no response is required from ICS; however, to the extent any response is deemed required, ICS denies the allegations.

1.      ICS admits that Plaintiff purports to bring an action asserting claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and, as against ICS only, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. ICS denies that it violated the FCRA, the FDCPA, or that Plaintiff is entitled to any relief from ICS.

2.      Paragraph 2 states legal conclusions concerning subject-matter jurisdiction to which no response is required. To the extent a response is deemed required, ICS admits that the Complaint purports to invoke federal-question jurisdiction and otherwise denies any allegation inconsistent with the Court's orders or the governing statutes.

3.      Paragraph 3 states a legal conclusion concerning venue, to which no response is required. To the extent a response is deemed required, ICS does not contest venue for purposes of this Answer.

4.      ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 regarding Plaintiff's residence and therefore denies them.

5.      Paragraph 5 concerns Defendant Trans Union, LLC. No response is required from ICS. To the extent a response is deemed required, ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

6.      Paragraph 6 concerns Defendant Experian Information Solutions, Inc. No response is required from ICS. To the extent a response is deemed required, ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

7.      Paragraph 7 concerns Defendant Equifax Information Services, LLC and certain collective allegations regarding the credit reporting agency defendants. No response is required from ICS. To the extent a response is deemed required, ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

8.      ICS admits that it is a business entity with its principal place of business at 444 Highway 96 East, Saint Paul, Minnesota 55127, and that it conducts business in various jurisdictions, including Pennsylvania. ICS denies any remaining allegations in paragraph 8 to the extent they imply wrongdoing or contain legal conclusions.

9.      ICS admits that, in certain circumstances, it furnishes information relating to consumers to one or more consumer reporting agencies. ICS denies any remaining allegations in paragraph 9 to the extent they are inconsistent with the governing statutes or regulations.

10.     For purposes of this action only, ICS admits that it is a "debt collector" as defined by the FDCPA. ICS denies any remaining allegations in paragraph 10.

11.     Paragraph 11 states legal conclusions and background characterizations regarding the FCRA, to which no response is required. To the extent a response is deemed required, ICS denies any allegation inconsistent with the text of the statute.

12.     Paragraph 12 states legal conclusions, quotations, and argument regarding the FCRA and case law, to which no response is required. To the extent a response is deemed required, ICS denies any allegation inconsistent with applicable law.

13.     Paragraph 13 states legal conclusions regarding statutory duties under the FCRA, to which no response is required. To the extent a response is deemed required, ICS denies any allegation inconsistent with the statute or that ICS violated any duty owed to Plaintiff.

14.     Paragraph 14 states legal conclusions regarding statutory duties under the FCRA, to which no response is required. To the extent a response is deemed required, ICS denies that it failed to comply with any applicable legal duty.

15.     ICS denies the allegations in paragraph 15.

16.     Paragraph 16 states legal conclusions and background characterizations regarding the FDCPA, to which no response is required. To the extent a response is deemed required, ICS denies any allegation inconsistent with the statute.

17.	Paragraph 17 states legal conclusions and background characterizations regarding the FDCPA, to which no response is required. To the extent a response is deemed required, ICS denies any allegation inconsistent with the statute.

18.	Paragraph 18 states legal conclusions, quotations, and argument regarding the FDCPA and case law, to which no response is required. To the extent a response is deemed required, ICS denies any allegation inconsistent with applicable law.

19.	Paragraph 19 states legal conclusions regarding the FDCPA, to which no response is required. To the extent a response is deemed required, ICS denies that it engaged in any conduct prohibited by the FDCPA.

20.	Paragraph 20 states legal conclusions regarding the FDCPA, to which no response is required. To the extent a response is deemed required, ICS denies that Plaintiff is entitled to any relief from ICS.

21.	ICS admits that it sent Plaintiff a collection notice on or about February 23, 2026 regarding an account placed with ICS by Charter Communications/Spectrum. ICS further admits that the notice reflected a balance of $331.98. ICS denies any remaining allegations in paragraph 21 to the extent they characterize the account or imply wrongdoing.

22.	ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 concerning any payment Plaintiff allegedly

made directly to Spectrum and any letter allegedly provided by Spectrum, and therefore denies them.

23.    ICS denies the allegations in paragraph 23.

24.    Paragraph 24 concerns reporting allegedly made by Trans Union. ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Trans Union's reporting and therefore denies them.

25.    Paragraph 25 concerns reporting allegedly made by Experian and Equifax. ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning those defendants' reporting and therefore denies them.

26.    ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 regarding disputes Plaintiff allegedly submitted to the credit reporting agency defendants and therefore denies them.

27.    ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies them.

28.    Paragraph 28 concerns conduct allegedly undertaken by Trans Union. No response is required from ICS. To the extent a response is deemed required, ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

29. Paragraph 29 concerns conduct allegedly undertaken by Experian. No response is required from ICS. To the extent a response is deemed required, ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

30. Paragraph 30 concerns conduct allegedly undertaken by Equifax. No response is required from ICS. To the extent a response is deemed required, ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

31. Paragraph 31 concerns an alleged dispute submitted to Trans Union. No response is required from ICS. To the extent a response is deemed required, ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

32. Paragraph 32 states a legal conclusion regarding Trans Union's alleged obligations. No response is required from ICS. To the extent a response is deemed required, ICS denies the allegations.

33. Paragraph 33 concerns conduct allegedly undertaken by Trans Union. No response is required from ICS. To the extent a response is deemed required, ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

34.     Paragraph 34 concerns conduct allegedly undertaken by Trans Union. No response is required from ICS. To the extent a response is deemed required, ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

35.     Paragraph 35 concerns conduct allegedly undertaken by Trans Union. No response is required from ICS. To the extent a response is deemed required, ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

36.     Paragraph 36 concerns Plaintiff's alleged emotional reaction to conduct attributed to Trans Union. No response is required from ICS. To the extent a response is deemed required, ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

37.     Paragraph 37 concerns an alleged dispute submitted to Experian. No response is required from ICS. To the extent a response is deemed required, ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

38.     Paragraph 38 states a legal conclusion regarding Experian's alleged obligations. No response is required from ICS. To the extent a response is deemed required, ICS denies the allegations.

39. Paragraph 39 concerns conduct allegedly undertaken by Experian. No response is required from ICS. To the extent a response is deemed required, ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

40. Paragraph 40 concerns Plaintiff's alleged emotional reaction to conduct attributed to Experian. No response is required from ICS. To the extent a response is deemed required, ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

41. Paragraph 41 concerns conduct allegedly undertaken by Experian. No response is required from ICS. To the extent a response is deemed required, ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

42. Paragraph 42 concerns an alleged dispute submitted to Equifax. No response is required from ICS. To the extent a response is deemed required, ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

43. Paragraph 43 states a legal conclusion regarding Equifax's alleged obligations. No response is required from ICS. To the extent a response is deemed required, ICS denies the allegations.

44.    Paragraph 44 concerns conduct allegedly undertaken by Equifax. No response is required from ICS. To the extent a response is deemed required, ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

45.    Paragraph 45 concerns an alleged second dispute submitted to Equifax. No response is required from ICS. To the extent a response is deemed required, ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

46.    Paragraph 46 concerns conduct allegedly undertaken by Equifax. No response is required from ICS. To the extent a response is deemed required, ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

47.    Paragraph 47 concerns conduct allegedly undertaken by Equifax. No response is required from ICS. To the extent a response is deemed required, ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

48.    Paragraph 48 concerns conduct allegedly undertaken by Equifax. No response is required from ICS. To the extent a response is deemed required, ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

49. Paragraph 49 concerns conduct allegedly undertaken by Equifax. No response is required from ICS. To the extent a response is deemed required, ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

50. Paragraph 50 concerns Plaintiff's alleged emotional reaction to conduct attributed to Equifax. No response is required from ICS. To the extent a response is deemed required, ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

51. ICS admits that, under certain circumstances, receipt of proper notice of a dispute from a consumer reporting agency may trigger obligations under 15 U.S.C. § 1681s-2(b). ICS denies any remaining allegations in paragraph 51, including any allegation that ICS failed to comply with any applicable duty or that any duty was triggered in the manner alleged.

52. Paragraph 52 states argument and legal conclusions to which no response is required. To the extent a response is deemed required, ICS denies the allegations.

53. ICS denies the allegations in paragraph 53.

54. Paragraph 54 states argument, characterizations, and legal authorities to which no response is required. To the extent a response is deemed required, ICS denies the allegations.

55.    ICS denies the allegations in paragraph 55.

56.    ICS denies the allegations in paragraph 56.

57.    ICS denies the allegations in paragraph 57.

58.    ICS denies the allegations in paragraph 58.

59.    ICS denies the allegations in paragraph 59.

60.    ICS denies the allegations in paragraph 60.

61.    ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 concerning any review of Plaintiff's reports by prospective or existing credit grantors and any resulting credit consequences, and therefore denies them.

62.    ICS denies the allegations in paragraph 62.

63.    Paragraph 63 is directed to Count One against the credit reporting agency defendants and incorporates prior allegations. No response is required from ICS. To the extent a response is deemed required, ICS incorporates its responses to paragraphs 1 through 62 as though fully set forth herein and otherwise denies the allegations.

64.    Paragraph 64 is directed to Count One against the credit reporting agency defendants. No response is required from ICS. To the extent a response is deemed required, ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

65.     For purposes of this action only, ICS admits that Plaintiff is an individual consumer. ICS denies any remaining allegations in paragraph 65 to the extent they contain legal conclusions or are inconsistent with the governing statutes.

66.     Paragraph 66 is directed to Count One against the credit reporting agency defendants and states legal conclusions concerning "consumer reports." No response is required from ICS. To the extent a response is deemed required, ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

67.     Paragraph 67 is directed to Count One against the credit reporting agency defendants and states legal conclusions. No response is required from ICS. To the extent a response is deemed required, ICS denies the allegations.

68.     Paragraph 68 is directed to Count One against the credit reporting agency defendants and states legal conclusions concerning causation and damages. No response is required from ICS. To the extent a response is deemed required, ICS denies the allegations.

69.     ICS incorporates by reference its responses to paragraphs 1 through 68 as though fully set forth herein.

70.     ICS admits that it is a "person" within the meaning of 15 U.S.C. § 1681a(b).

71.    For purposes of this action only, ICS admits that Plaintiff is an individual consumer. ICS denies any remaining allegations in paragraph 71 to the extent they contain legal conclusions or are inconsistent with the governing statutes.

72.    ICS denies the allegations in paragraph 72, including subparagraphs (a) through (f).

73.    ICS denies the allegations in paragraph 73.

74.    ICS denies the allegations in paragraph 74.

75.    ICS incorporates by reference its responses to paragraphs 1 through 74 as though fully set forth herein.

76.    For purposes of this action only, ICS admits that it is a "debt collector" within the meaning of the FDCPA. ICS denies any remaining allegations in paragraph 76.

77.    For purposes of this action only, ICS admits that Plaintiff is an individual consumer. ICS denies any remaining allegations in paragraph 77, including any mis-citation in the paragraph.

78.    ICS denies the allegations in paragraph 78.

79.    ICS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 regarding the nature of the underlying transaction and therefore denies them.

80.    ICS denies the allegations in paragraph 80. Further answering, ICS notes that paragraph 80 refers to "Transworld," not ICS, and therefore denies the paragraph and its subparagraphs as written.

81.    ICS denies the allegations in paragraph 81.

82.    ICS denies the allegations in paragraph 82.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense – Failure to State a Claim**

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted against ICS.

**Second Affirmative Defense – Conditions Precedent / Statutory Trigger**

Plaintiff's FCRA claim is barred, in whole or in part, because the duties imposed by 15 U.S.C. § 1681s-2(b), if any, arise only upon proper notice of a dispute from a consumer reporting agency, and ICS denies that all statutory prerequisites to such a claim have been satisfied.

**Third Affirmative Defense – Accuracy / Reasonableness / No Material Misrepresentation**

ICS is not liable because any information it furnished was accurate, substantially accurate, not materially misleading, and/or because ICS acted reasonably and in good faith under the circumstances.

**Fourth Affirmative Defense – No Causation / No Actual Damages**

Plaintiff's claims are barred or limited because any alleged injury, loss, or damages were not proximately caused by any act or omission of ICS, and Plaintiff has not suffered recoverable actual damages attributable to ICS.

**Fifth Affirmative Defense – Bona Fide Error**

To the extent applicable, any act or omission by ICS was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**Sixth Affirmative Defense – Mitigation / Offset / Setoff**

Any recovery by Plaintiff, if any, must be reduced or barred to the extent Plaintiff failed to mitigate alleged damages and/or to the extent any sums were paid, credited, resolved, or otherwise offset.

**Seventh Affirmative Defense – Intervening or Superseding Conduct of Others**

Plaintiff's claims are barred or limited to the extent any alleged injury was caused by the acts, omissions, reporting practices, reinsertion decisions, or investigations of third parties over whom ICS had no control.

**Eighth Affirmative Defense – No Willful, Knowing, Reckless, or Intentional Conduct**

Plaintiff is not entitled to statutory, punitive, or enhanced damages because ICS did not act willfully, knowingly, recklessly, wantonly, or intentionally.

**Ninth Affirmative Defense – Reservation of Additional Defenses**

ICS is in the early stages of its investigation and discovery. ICS therefore reserves the right to amend this Answer to assert additional defenses, counterclaims, or other matters as may become appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendant I.C. System, Inc. respectfully requests that the Court:

a.  dismiss the Complaint with prejudice as against ICS;

b.  enter judgment in favor of ICS and against Plaintiff on all claims asserted against ICS;

c.  award ICS its costs and such other relief as the Court deems just and proper; and

d.  grant such further relief as may be appropriate.

## JURY DEMAND

ICS demands trial by jury on all issues so triable.

Respectfully submitted,

/s/ *Joseph C. Proulx*
Joseph C. Proulx, Esq.
Pennsylvania Bar No.:325516
GOLDEN ALBINSON PROULX
410 South Ware Blvd., Suite 806
Tampa, FL 33619
Direct Line: (352) 256-8057
Email: jproulx@mgl.law
*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 1, 2026, I caused a true and correct copy of the foregoing Defendant I.C. System, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint to be filed electronically via the Court's CM/ECF system, which will send notification of such filing to all counsel of record who are registered CM/ECF users. I further certify that any party not registered for electronic service will be served in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

<u>/s/ *Joseph C. Proulx*</u>
Joseph C. Proulx, Esq.