IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER LEE LAVEZZO,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and I.C. SYSTEM, INC.,<br><br>Defendants. | Case No. 2:26-cv-02982-JHS |

## EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

### Preliminary Statement

### COMPLAINT ¶1:

This is an action for damages brought by an individual consumer against the Defendants (named below) for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (the "FCRA") and for violations of the Fair Debt Collections Practices Act, 15 USC §§ 1692 *et seq.* (the "FDCPA") as to I.C. System, Inc., ("ICS") only.

### ANSWER:

Equifax admits that Plaintiff purports to bring an action pursuant to the Fair Credit Reporting Act ("FCRA"), but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

- 2 -

## Jurisdiction and Venue

**COMPLAINT ¶2:**

Jurisdiction of this Court arises under 15 U.S.C. § 1681p, and 28 U.S.C. §1331, 1337.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶3:**

Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

**ANSWER:**

Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

## Parties

**COMPLAINT ¶4:**

Plaintiff Christopher Lee Lavezzo ("Mr. Lavezzo" or "Plaintiff") is an adult individual who resides in Providence, NC.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶5:**

Defendant Trans Union, LLC ("Trans Union") is a business entity that is registered to do business in the Commonwealth of Pennsylvania and regularly conducts business in the Eastern District of Pennsylvania, with a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

325869308v.1

- 3 -

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶6:**

Defendant Experian Information Solutions, Inc ("Experian") is a business entity that is registered to do business in the Commonwealth of Pennsylvania and regularly conducts business in the Eastern District of Pennsylvania, with principal place of business located at 701 Experian Pkwy, Allen, TX 75013.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶7:**

Defendant Equifax Information Services, LLC ("Equifax") is a business entity that is registered to do business in the Commonwealth of Pennsylvania and regularly conducts business in the Eastern District of Pennsylvania, with a principal place of business located at 1550 Peachtree Street, N.W., Atlanta, GA 30309. At times Trans Union, Experian and Equifax are collectively referred to as the "Credit Reporting Agency Defendants" or the "CRA Defendants".

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only. Equifax admits that it is a Georgia limited liability company. Equifax further admits that it maintains an address at 1550 Peachtree Street NW, Atlanta, Georgia 30309, and that it may be served through its registered agent, Corporation Service Company. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶8:**

Defendant ICS is a business entity that is registered to do business in the Commonwealth of Pennsylvania and regularly conducts business in the Eastern District of Pennsylvania, with a principal place of business located at 444 Highway 96 East, St. Paul, MN 55127.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶9:**

ICS is a "furnisher" as defined in 12 CFR 1022.41 as it regularly provides information relating to consumers to one or more Consumer Reporting Agencies ("CRAs") for inclusion in a consumer report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶10:**

ICS is also a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**Facts**

**Purpose of the FCRA**

**COMPLAINT ¶11:**

Understanding the dire consequences of inaccurate credit reporting, Congress enacted the FCRA. One of the primary purposes of the FCRA is to require CRAs to assure "maximum possible accuracy" of consumer information to ensure the stability of our banking system:

> The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

See 15 U.S.C. § 1681(a)(1).

- 4 -

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶12:**

The preservation of one's good name and reputation is also a foundational principle of the FCRA:

> [W]ith the trend toward computerization of billings and the establishment of all sorts of computerized data banks, the individual is in great danger of having his life and character reduced to impersonal "blips" and key-punch holes in a stolid and unthinking machine which can literally ruin his reputation without cause, and make him unemployable or uninsurable, as well as deny him the opportunity to obtain a mortgage or buy a home. We are not nearly as much concerned over the possible mistaken turn-down of a consumer for a luxury item as we are over the possible destruction of his good name without his knowledge and without reason. Shakespeare said, the loss of one's good name is beyond price and makes one poor indeed.

Bryant v. TRW, Inc., 689 F.2d 72, 79 (6th Cir. 1982) [quoting 116 cong. Rec. 36570 (1970)].

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶13:**

Thus, in order to further its objectives, embedded within the FCRA is the requirement that CRAs conduct a reasonable investigation to determine whether information disputed by consumers is inaccurate and record the current status of the disputed information, or delete the disputed information, before the end of the 30-day period beginning on the date on which the CRA receives the notice of dispute from the consumer. This mandate exists to ensure that consumer disputes are handled in a timely manner and that inaccurate information contained within a consumer's credit report is corrected and/or deleted.

325869308v.1

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶14:**

Further underscoring the importance of accurate credit reporting, the FCRA also requires furnishers of information - a creditor or other third party that provides information about consumer to a CRA - upon notice, to conduct a reasonable investigation of all disputes with regard to the completeness or accuracy of any information it provides to the CRAs regarding a consumer and modify, delete, or permanently block any items of information found to be inaccurate, incomplete, or unverifiable after said reinvestigation is completed.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶15:**

Here, despite Mr. Lavezzo's numerous disputes, none of the Defendants conducted reasonable investigations of the inaccurate reporting of Plaintiff's credit information and continued to include derogatory inaccurate information within his credit reports.

**ANSWER:**

Equifax denies the allegations in this paragraph.

### **Purpose of the FDCPA**

**COMPLAINT ¶16:**

Prior to the enactment of the FDCPA, Congress discovered "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a)

325869308v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶17:**

Congress found that these "practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶18:**

For these reasons, Congress took action, and in 1977 enacted the FDCPA:

to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

Douglass v. Convergent Outsourcing, 765 F.3d 299, 301-02 (3d Cir. 2014) (quoting 15 U.S.C. § 1692(e))

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for

themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes,

misquotes, or takes out of context the contents of the statutory provisions referenced by this

paragraph.

**COMPLAINT ¶19:**

The FDCPA prohibits, among other things, falsely representing the amount, character or legal status of a debt, 15 U.S.C. 1692e(2)(A); communicating to any person credit information which is known or should be known to be false, failing to communicate that a disputed debt is disputed, 15 U.S.C. 1692e(8); or using false, deceptive misleading and unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff, 15 U.S.C. 1692(f).

- 7 -

325869308v.1

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶20:**

Accordingly, the FDCPA provides consumers with a private right of action against debt collectors like ICS, that fail to comply with their statutory obligations.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**Facts**

**Background**

**The Defendants' Failure to Properly Report Mr. Lavezzo's ICS Account**

**COMPLAINT ¶21:**

On or about February 23, 2026, Mr. Lavezzo received notification from ICS that it was collecting a debt of $331.98 on behalf of the original creditor Charter Communications/Spectrum ("Spectrum").

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶22:**

That same day Mr. Lavezzo made a payment directly to Spectrum for the full amount of $331.98. Spectrum provided Mr. Lavezzo with a letter confirming that the "account has been paid in full and no further monies are due and owing on this debt."

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶23:**

Despite the account being paid in full without any further amount being owed, Mr. Lavezzo's ICS account continued to be reported inaccurately by the Defendants. All three CRA Defendants were reporting the ICS account inaccurately in different ways.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶24:**

Trans Union was reporting that the ICS account was open and settled for less than the full amount.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶25:**

Experian and Equifax were reporting the ICS account as unpaid with a $331 balance.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶26:**

Mr. Lavezzo disputed this inaccurate information with Trans Union, Experian and Equifax and asked for the inaccurate information to be corrected on his credit reports.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325869308v.1

**COMPLAINT ¶27:**

As a part of Mr. Lavezzo's disputes, he included a letter from Spectrum confirming that the account was paid in full.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶28:**

Trans Union removed the "settled for less than the full amount" inaccuracy and updated Mr. Lavezzo's credit report. However, Trans Union did not correct the reporting from open to closed for the account. Trans Union then reinserted the inaccurate information without providing prior notification in violation of the FCRA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶29:**

Experian did not remove the inaccurate information pursuant to Mr. Lavezzo's disputes. However, sometime after Experian claimed to have verified the disputed information as accurate, it was later removed.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶30:**

Equifax did not initially remove the inaccurate information pursuant to Mr. Lavezzo's disputes. However, sometime after Equifax claimed to have verified the disputed information as accurate, it was later removed. Equifax then reinserted the inaccurate information without providing prior notification in violation of the FCRA.

**ANSWER:**

Equifax denies the allegations in this paragraph.

325869308v.1

**Mr. Lavezzo's Disputes with Trans Union**

**COMPLAINT ¶31:**

In or about February 2026, Mr. Lavezzo disputed the inaccurate reporting with Trans Union. The dispute included a detailed explanation as to why the information being reported was inaccurate, false and misleading. The dispute also included a letter from Spectrum confirming that the account was paid in full and that there is no outstanding balance.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶32:**

Pursuant to the obligations under the FCRA, Trans Union was supposed to provide the dispute to ICS to investigate.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶33:**

By correspondence dated February 25, 2026, Trans Union responded by removing the remark section from Plaintiff's report that stated that the balance was settled for less than the full balance. Trans Union did not, however, report the account as closed.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶34:**

On or about March 24, 2026, Trans Union reinserted the remark relating to the account being settled for less than the full balance.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶35:**

Trans Union never provided Mr. Lavezzo with any notification that it was reinserting the removed information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶36:**

Mr. Lavezzo takes significant pride in his credit, and was distraught, confused and upset by Trans Union reinserting account information that was inaccurate, false and misleading despite the documentation he submitted to Trans Union previously.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### Mr. Lavezzo's Disputes with Experian

**COMPLAINT ¶37:**

On or about March 19, 2026, Mr. Lavezzo disputed the inaccurate reporting with Experian. The dispute included a detailed explanation as to why the information being reported was inaccurate, false and misleading. The dispute also included: (i) a letter from Spectrum confirming that the account was paid in full and that there was no outstanding balance; and (ii) a screenshot of Mr. Lavezzo's Trans Union report showing a $0 balance.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶38:**

Pursuant to the obligations under the FCRA, Experian was supposed to provide the dispute to ICS to investigate.

325869308v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶39:**

By correspondence dated March 24, 2026, Experian responded by claiming that the inaccurately reported ICS account was verified as accurate and the inaccurate credit reporting continued.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶40:**

Mr. Lavezzo takes significant pride in his credit, and was distraught, confused and upset by the failure of Experian to remove the inaccurate credit information included within his credit report, pursuant to his first dispute, despite the documentation he submitted.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶41:**

On or about April 1, 2026, Experian later removed the ICS account from Mr. Lavezzo's credit report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**Mr. Lavezzo's Disputes with Equifax**

**COMPLAINT ¶42:**

On or about February 25, 2026, Mr. Lavezzo disputed the inaccurate reporting with Equifax. The dispute included a detailed explanation as to why the information being reported was inaccurate, false and misleading. The dispute also included: (i) a letter from Spectrum confirming

- 13 -

that the account was paid in full and that there was no outstanding balance; and (ii) a screenshot of Mr. Lavezzo's Trans Union report showing a $0 balance.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶43:**

Pursuant to its obligations under the FCRA, Equifax was supposed to provide the dispute to ICS to investigate.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶44:**

By correspondence dated March 6, 2026, Equifax responded by claiming that the inaccurately reported ICS account was verified as accurate and the inaccurate credit reporting continued.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶45:**

On or about March 6, 2026, Mr. Lavezzo again disputed the inaccurate reporting with Equifax. The dispute included a detailed explanation as to why the information being reported was inaccurate, false and misleading. The dispute also again included: (i) a letter from Spectrum confirming that the account was paid in full and that there is no outstanding balance; and (ii) a screenshot of Mr. Lavezzo's Trans Union report showing a $0 balance.

- 14 -

325869308v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶46:**

By correspondence dated March 18, 2026, Equifax again responded by claiming that the inaccurately reported ICS account was verified as accurate and the inaccurate reporting continued.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶47:**

On or about March 30, 2026, Equifax removed the ICS account from Mr. Lavezzo's credit report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶48:**

On or about March 31, 2026, Equifax then reinserted the ICS account.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶49:**

Equifax never provided Mr. Lavezzo with any notification that it was reinserting the removed information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

325869308v.1

**COMPLAINT ¶50:**

Mr. Lavezzo takes significant pride in his credit, and was distraught, confused and upset by the failure of Equifax to remove the inaccurate credit information included within his credit report despite the documentation he submitted and then when it was finally removed, it was later reinserted.

**ANSWER:**

Equifax denies the allegations in this paragraph.

### Defendants' Failure to Conduct Reasonable Investigations

**COMPLAINT ¶51:**

Mr. Lavezzo's disputes triggered obligations under the FCRA for the CRA Defendants (Section 1681i(a)) and ICS (Section 1681s-2(b)) to conduct reasonable investigations.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶52:**

This dual investigative requirement further illustrates and reinforces Congress' findings of the importance of accurate consumer credit reporting. Unfortunately, however, when conducting an 'investigation' CRAs and furnishers choose speed over accuracy.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶53:**

Furnishers merely review information in their limited credit reporting databases, to determine if the disputed information is accurate. CRAs then simply accept as true whatever representation is made by the furnisher without questioning any of the results, or conducting a true independent investigation. Furnishers and CRAs alike often simply ignore documentation provided to them by consumers that are intended to assist in resolving a disputed inaccuracy.

325869308v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶54:**

In other words, no true investigation is performed by CRAs or furnishers other than a perfunctory data match of information. See e.g., Robertson v. J.C. Penney Co., 2008 WL 623397, at *8 (S.D. Miss. Mar. 4, 2008) ("There appears to have been no investigation of the disputed status of the claim at all"); Scharf v. Trans Union, LLC, 2015 WL 6387501 (E.D. Mich. Oct. 22, 2015), reconsideration denied, 2015 WL 7016331 (E.D. Mich. Nov. 12, 2015) (granting summary judgment to identity theft victim where the furnisher merely reviewed its file to determine whether the loan was in default); Marchisio v. Carrington Mortg. Servs., LLC, 919 F.3d 1288, 1303 (11th Cir. 2019) ("...Defendant made no correction nor any effort to insure that the pertinent databases revealed the existence of the settlement and the fact that no debt was owed by Plaintiffs. Meaning that when Plaintiffs took the predictable next step of disputing this debt with the credit reporting agencies, the outcome of the investigation by Defendant's employee was also quite predictable: the employee would incorrectly verify the existence of a continuing debt.")

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶55:**

Unfortunately, this situation is no different.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶56:**

Mr. Lavezzo provided with his disputes all of the information and documentation necessary to confirm that the account was paid in full. Additionally, any reasonable inquiry into this matter would have further confirmed that the reporting of the credit information was not accurate.

325869308v.1

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶57:**

If any reasonable investigation were conducted, and the materials submitted by Mr. Lavezzo were read, the ICS account should have been corrected.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶58:**

The Defendants either did not engage in any investigation when they were informed of the inaccurate reporting, or (alternatively) did not engage in a reasonable investigation, as such an investigation would have revealed the inaccurate information, which, at minimum, was misleading since Mr. Lavezzo provided documentation directly from the original creditor, Spectrum, confirming that his account was paid in full.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶59:**

The Defendants failed to institute or adhere to policies and procedures that could have prevented the reporting of the inaccurate information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶60:**

The Defendants knew or should have known that their actions violated the FCRA. Additionally, Defendants could have taken the steps necessary to bring their agents' actions within compliance of the statutes but neglected to do so and failed to adequately review those actions to ensure compliance with said laws.

**ANSWER:**

Equifax denies the allegations in this paragraph.

325869308v.1

**COMPLAINT ¶61:**

Plaintiff's credit reports and file have been obtained from the CRA Defendants and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶62:**

As a result of the Defendants' violations of the law, Mr. Lavezzo suffered interference with daily activities, as well as emotional distress, including, without limitation, emotional and mental anguish and pain, sleep loss, reputational damage, humiliation, stress, anger, frustration, shock, fear, worry, anxiety, and embarrassment attendant to his disputes and disbelief by Defendants of his assertions.

**ANSWER:**

Equifax denies the allegations in this paragraph.

<u>**Count One – Violations of the FCRA**</u>

**Plaintiff v. Experian, Trans Union and Equifax**

**COMPLAINT ¶63:**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length

herein.

**COMPLAINT ¶64:**

At all times pertinent hereto, Experian, Trans Union and Equifax are each a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

325869308v.1

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶65:**

At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶66:**

At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶67:**

The CRA Defendants have violated numerous provisions of the FCRA for their improper actions, including but not limited to Sections 1681e(b) and 1681i(a) of the FCRA. Defendants willfully and negligently violated the FCRA and are liable for damages to Plaintiff pursuant to Section 1681n and 1681o of the FCRA.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶68:**

The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

325869308v.1

**ANSWER:**

Equifax denies the allegations in this paragraph.

## Count Two – Violations of the FCRA

## Plaintiff v. ICS

**COMPLAINT ¶69:**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶70:**

At all times pertinent hereto, ICS was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶71:**

At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶72:**

ICS violated Section 1681s-2(b) of the FCRA by engaging in the following conduct:

a.    willfully and negligently failing to conduct a reasonable investigation of the inaccurate information that Plaintiff disputed;

325869308v.1

b.      willfully and negligently failing to review all relevant information concerning Plaintiff's inaccurately reported trade line;

c.      willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

d.      willfully and negligently failing to report the accurate status of the inaccurate information to all credit reporting agencies;

e.      willfully and negligently continuing to furnish and disseminate inaccurate, unlawful and derogatory credit account and other information concerning Plaintiff to credit reporting agencies and other entities; and

f.      willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b)

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶73:**

The Defendant has violated numerous provisions of the FCRA for its improper actions, including but not limited to Section 1681s-2(b) of the FCRA. Defendant willfully and negligently violated the FCRA and is liable for damages to Plaintiff pursuant to Section 1681n and 1681o of the FCRA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶74:**

The conduct of ICS was a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above. As a result, Defendant is liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325869308v.1

**Count Three – Violations of the FDCPA**

**Plaintiff v. ICS**

**COMPLAINT ¶75:**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶76:**

ICS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶77:**

Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶78:**

The above reporting of inaccurate information to credit reporting agencies by ICS was "communications" relating to "debts" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325869308v.1

**COMPLAINT ¶79:**

Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶80:**

Transworld violated the FDCPA. ICS's violations include, but are not limited to, violations of:

a.    The false representation of the amount, character or legal status of a debt;

b.    Communicating or threatening to communicate to any person credit information which is known or which should be known to be false; and

c.    Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶81:**

ICS's acts, as described, above were done with intentional willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate/stale information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶82:**

As a result of the above violations of the FDCPA, ICS is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorneys' fees and costs.

325869308v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

a.    Actual damages;

b.    Statutory damages;

c.    Punitive damages;

d.    Costs and reasonable attorneys' fees; and

e.    Such other relief as may be necessary, just and proper.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

## SECOND DEFENSE

Plaintiff's claim fails in whole or in part to state a claim against Equifax upon which relief can be granted.

325869308v.1

- 26 -

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)     it be dismissed as a party to this action; and

(3)     it recover such other and additional relief as the Court deems just and appropriate.

Dated:     July 6, 2026                                     Respectfully submitted,

                                                            **CLARK HILL PLC**

                                                            */s/ Corey J. Calpin*
                                                            Corey J. Calpin, PA ID # 329239
                                                            Two Commerce Square
                                                            2001 Market St, Suite 2620
                                                            Philadelphia, PA 19103
                                                            Tel: (215) 640-8539
                                                            Fax: (215) 640-8501
                                                            ccalpin@clarkhill.com
                                                            *Counsel for Defendant,*
                                                            *Equifax Information Services LLC*

325869308v.1

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

Dated:    July 6, 2026                                    */s/ Corey J. Calpin*
                                                                    Corey J. Calpin